



## MEMORANDUM OPINION

No. 04-10-00750-CV

**IN THE INTEREST OF B.R.H.**, a Child

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-01726
Honorable Peter A. Sakai, Judge Presiding

PER CURIAM

Sitting:     Rebecca Simmons, Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  February 9, 2011

DISMISSED FOR LACK OF JURISDICTION

Appellant seeks to appeal an order terminating his parental rights. An appeal from such an order is accelerated. See TEX. FAM. CODE ANN. § 109.002(a) (West 2008). The trial court signed the order on May 20, 2010. Because this is an accelerated appeal, the notice of appeal was due on June 9, 2010. *See* TEX. R. APP. P. 26.1(b). A motion for extension of time to file the notice of appeal was due on June 24, 2010. *See* TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on July 13, 2010, and a motion for extension of time in the trial court on July 13, 2010. It thus appeared that neither document was filed within the time allowed for filing a motion for extension of time to file the notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id*.

On October 28, 2010, we ordered appellant to show cause in writing by November 12, 2010, why this appeal should not be dismissed for lack of jurisdiction. Appellant responded that he did not receive timely notice of the trial court's judgment. On December 13, 2010, we abated this appeal to the trial court to conduct a hearing to determine the date on which the appellant first received notice or acquired actual knowledge of the signing of the judgment. *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a(5). On January 24, 2011, a supplemental clerk's record was filed containing the trial court's order determining that the appellant first received notice of the judgment or acquired actual knowledge of the signing of the judgment on May 20, 2010. Based on the trial court's finding, the deadline for filing the notice of appeal ran from the date the trial court's order was signed on May 20, 2010. Accordingly, by the time appellant filed his notice of appeal, "the period for granting a motion for extension of time under Rule [26.3] ha[d] passed," and appellant could "no longer invoke the appellate court's jurisdiction." *See Verburgt*, 959 S.W.2d at 617. Because appellant's notice of appeal was untimely filed, this appeal is dismissed for lack of jurisdiction.

PER CURIAM